UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ZATKULAK, et al.<br><br>Defendants. | No.  2:24-cv-01708-CKD<br><br><br>ORDER TO DISBURSE FUNDS<br><br>AND DISCHARGE INTERPLEADER PLAINTIFF |

This is an interpleader action involving conflicting claims by defendants Linda Zatkulak, Thomas Zatkulak, Kimberly Zatkulak, and Jeanie Zatkulak to life insurance proceeds under a policy issued by plaintiff The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), this action was assigned to the undersigned for all further proceedings and entry of final judgment. (ECF No. 25.) The parties' joint stipulation for discharge and dismissal of the interpleader plaintiff is before the court. (ECF No. 29.)

## I.      Background

In 1981, Northwestern Mutual issued Policy No. 8459919 to Ryan Zatkulak ("Ryan") as the insured. Ryan's father, Thomas Zatkulak, was the applicant and owner of the Policy. The Policy's direct beneficiaries were identified as Thomas Zatkulak and Linda Zatkulak, who are

1  Ryan's father and mother. Ryan died on February 20, 2024. There are existing and/or potentially

2  adverse and conflicting claims to the life insurance death benefits payable under the Policy as

3  between Linda Zatkulak, on the one hand, and Thomas Zatkulak, Kimberly Zatkulak, and Jeanie

4  Zatkulak, on the other hand.

5  As a result of the conflicting claims to the proceeds under the Policy, Northwestern

6  Mutual filed this interpleader action. Pursuant to motion, Northwestern Mutual deposited the

7  amount of $37,925.23 into the Registry of the Court representing the insurance proceeds at issue.

8  On November 1, 2024, the parties filed a joint stipulation for discharge and dismissal of

9  Northwestern Mutual with prejudice and disbursement of the sum of $6,000 as reasonable

10  attorney's fees and costs incurred with this interpleader action, to be paid out of the proceeds

11  deposited with the Clerk of the Court.

12  **II.  Legal Standard**

13  "Both Rule 22 and the interpleader statute allow a party to file a claim for interpleader if

14  there is a possibility of exposure to double or multiple liability." Lee v. W. Coast Life Ins. Co.,

15  688 F.3d 1004, 1009 (9th Cir. 2012) (citing 28 U.S.C. § 1335; Fed. R. Civ. P. 22(a)(2)); Mack v.

16  Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010) ("The purpose of interpleader is for the

17  stakeholder to protect itself against the problems posed by multiple claimants to a single fund.")

18  (internal quotation marks and citation omitted).

19  In the first stage of an interpleader action, the district court decides whether the

20  requirement for a rule or statutory interpleader action have been met by determining if there is a

21  single fund at issue and whether there are adverse claimants to that fund. Lee, 688 F.3d at 1009.

22  "If the district court finds that the interpleader action has been properly brought the district court

23  will then make a determination of the respective rights of the claimants." Id. (citation and internal

24  quotation marks omitted).

25  **III.  Discussion**

26  Northwestern Mutual has pleaded facts establishing this court's jurisdiction over this

27  matter pursuant to 28 U.S.C. § 1335 because there are at least two adverse claimants of diverse

28  citizenship (California and North Carolina) and the amount plaintiff sought to (and now has)

1   deposited with the court exceeds $500. (ECF No. 1, ¶ 6; ECF No. 19.) <u>See</u> 28 U.S.C. § 1335;

2   <u>State Farm Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530 (1967) (noting the interpleader statute

3   only requires "minimal diversity," that is, diversity of citizenship between two or more

4   claimants).

5           In addition, Northwestern Mutual has articulated a "good faith belief that there are or may

6   be colorable competing claims to the stake." <u>Michelman v. Lincoln Nat. Life Ins. Co.</u>, 685 F.3d

7   887, 894 (9th Cir. 2012). The parties agree that Northwestern Mutual may be properly discharged

8   from this action at this time. Discharge of the stakeholder is proper because there is no indication

9   Northwest Mutual commenced the action in bad faith. <u>See</u> <u>Field v. United States</u>, 424 F. Supp. 3d

10  904, 910 (E.D. Cal. 2019). Thus, the court will order the discharge and order the funds

11  interpleaded by plaintiff to be disbursed as set forth below. <u>See</u> Local Rule 150.

12          Northwestern Mutual requests attorney's fees and costs in the amount of $6,000. The

13  interpleader defendants agree that the $6,000 sum should be deducted.

14          The court has discretion to award attorney's fees to a disinterested stakeholder in an

15  interpleader action from interpleader fund deposited with the court. <u>Trustees of Directors Guild of</u>

16  <u>Am.-Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 426-27, opinion amended on denial

17  of reh'g, 255 F.3d 661 (9th Cir. 2000). Such fee awards should include fees that are incurred in

18  filing the action and in pursuing the plaintiff-stakeholder's release from liability. <u>Tise</u>, 234 F.3d at

19  426. In the Ninth Circuit, "[c]ompensable expenses include... preparing the complaint, obtaining

20  service of process on the claimants to the fund, and preparing an order discharging the plaintiff

21  from liability and dismissing it from the action." <u>Id.</u> at 426–27.

22          Northwestern Mutual proffers that its total fees and costs incurred in bringing this

23  interpleader matter are $6,000. (ECF No. 29, ¶ 3.) The burden of establishing entitlement to a fee

24  award lies with the claimant. <u>See</u> <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984). Although

25  Northwestern Mutual does not proffer any supporting evidence such as declarations or billing

26  statements, the court sees no reason to dispute that Northwestern Mutual spent reasonable costs

27  and the hours claimed litigating this action. The interpleader defendants, who have an interest in

28  the remaining funds, have stipulated to Northwestern Mutual's fee request. Courts in this district

1    have awarded fees and costs in interpleader actions in amounts similar to that requested by

2    Northwestern Mutual. See Transamerica Life Ins. Co. v. Shubin, No. 1:11-cv-01958-LJO-SKO,

3    2012 WL 2839704, at *12 (E.D. Cal. July 10, 2012) (awarding $7,164.25 in attorneys' fees and

4    costs); Wells Fargo Bank v. PACCAR Fin. Corp., No. 1:08-CV-00904 AWI SMS, 2009 WL

5    211386, at *4 (E.D. Cal. Jan. 28, 2009) (awarding $5,575.55 in attorneys' fees and costs); see

6    also Metro. Life Ins. Co. v. Concepcion Flores Molina, No. 1:23-CV-01553-CDB, 2024 WL

7    713446, at *4 (E.D. Cal. Feb. 21, 2024) (awarding fees and costs to interpleader plaintiff in the

8    amount of $4,500.00 without declarations or supporting evidence based on lack of opposition by

9    the defendants). Consistent with other cases, and in light of the stipulation of the parties, the court

10   will grant the request for reasonable attorney's fees in its broad discretion to award fees and costs.

11       **IV.    Conclusion and Order**

12           For the foregoing reasons, IT IS ORDERED as follows:

13           1.  The parties' joint stipulation for discharge and dismissal (ECF No. 29) is approved.

14           2.  Northwestern Mutual is hereby and shall be discharged from any liability to defendants

15   to the full extent permitted by law with respect to Group Insurance Policy No. 8459919 issued by

16   Northwestern Mutual to Ryan Zatkulak ("Policy").

17           3.  Defendants shall be restrained from taking, or proceeding with or commencing any

18   action against Northwestern Mutual or its present, former, and future officers, directors,

19   shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers,

20   administrators, agents, predecessors, successors, attorneys and assigns, for or on account of any

21   transaction, matter, happening or thing in any way arising out of or relating to the rights and

22   obligations of the parties with respect to the Policy, and/or with respect to benefits due under the

23   Policy.

24           4.  Northwestern Mutual shall be awarded the sum of $6,000 as reasonable attorney's

25   fees and costs incurred in connection with this interpleader action, to be paid out of the proceeds

26   deposited with the Clerk of this Court. The sum of $6,000 does not constitute any amount of

27   accrued interest or disbursement from accrued interest. The check shall be made payable to "The

28   Northwestern Mutual Life Insurance Company" and mailed to:

4

1          Keiko J. Kojima

2          Burke, Williams & Sorensen, LLP

3          444 South Flower Street, Suite 2400

4          Los Angeles, CA 90071-2953

5      5.  Northwestern Mutual is dismissed from this action with prejudice.

6  Dated:  November 12, 2024

7                                                                    _____
                                          CAROLYN K. DELANEY
8                                          UNITED STATES MAGISTRATE JUDGE

9

10  8, nort24cv1708.disburse

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5