UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | No.  2:24-cv-1708-CKD |
| Plaintiff/Stakeholder, | |
| v. | ORDER |
| LINDA ZATKULAK, et al. | |
| Defendants/Claimants. | |

This is a diversity jurisdiction interpleader action involving conflicting claims by defendants Linda Zatkulak, Thomas Zatkulak, Kimberly Zatkulak, and Jeanie Zatkulak to proceeds under a life insurance policy issued by The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). Each of the interpleader-defendants proceeds without counsel. After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), this action was assigned to the undersigned for all further proceedings and entry of final judgment. (ECF No. 25.) A motion for summary judgment filed by Kimberly Zatkulak is before the court. For the reasons set forth below, the motion is denied.

**I.      Background**

Under the complaint's allegations, Northwestern Mutual issued Policy No. 8459919 with policy date of November 3, 1981 (the "Policy") to Ryan Zatkulak, as the insured. Ryan

1

Zatkulak's father, Thomas Zatkulak, was the applicant and owner of the Policy. The Policy's direct beneficiaries were identified as Thomas Zatkulak and Linda Zatkulak, the father and mother of Ryan Zatkulak. Ryan Zatkulak was a minor when the Policy was issued. (ECF No. 1, ¶ 8.)

Thomas Zatkulak and Linda Zatkulak divorced. The court takes judicial notice of the existence of the following provision in a Judgment on Reserved Issues dated April 21, 1994, issued by the Superior Court of California, County of Alameda, which this court obtained from the Alameda County Superior Court:

> "IT IS FURTHER ORDERED that the life insurance policy with Northwestern Life, policy number 8459919 insuring the life of the parties' minor child, RYAN M. ZATKULAK, is awarded to the child and shall be delivered to him on his 18th birthday. The petitioner and the respondent shall share equally in the annual cost of the premium which is approximately $100.00."

Ryan Zatkulak turned 18 years old in 1995. He died on February 20, 2024. He is survived by his parents, Thomas Zatkulak and Linda Zatkulak, his spouse, Kimberly Zatkulak, ex-spouse, Jeanie Zatkulak, and minor children.

Under the complaint's allegations, upon Ryan Zatkulak's 18th birthday, Northwestern Mutual did not receive a change of ownership request and was not otherwise notified of the Judgment on Reserved Issues. The Policy's ownership never changed and remained Thomas Zatkulak. (ECF No. 1, ¶ 10.) On November 8, 2012, Northwestern Mutual received a Designation of Beneficiaries by Owner for Death Proceeds Only from Thomas Zatkulak, changing the beneficiary of the Policy to himself. (Id., ¶ 11.)

As a result of the conflicting claims to the proceeds under the Policy, Northwestern Mutual filed this interpleader action and deposited the amount of $37,925.23 into the Registry of the Court representing the insurance proceeds at issue. (ECF Nos. 1, 12.) On November 13, 2024, the court approved the parties' joint stipulation for discharge and dismissal of Northwestern Mutual with payment for reasonable attorney's fees. (ECF No. 30.)

On October 28, 2025, Kimberly Zatkulak filed the motion for summary judgment presently before the court. (ECF No. 32.)

**II.    Legal Standards for Summary Judgment**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993).

Summary judgment must be denied if a material factual dispute requires resolution of parties' differing versions of the truth at trial. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. Id. at 630-31. The evidence relied upon to grant the motion must be admissible. See, e.g., Canada v. Blains' Helicopter, Inc., 831 F.2d 920, 925 (9th Cir. 1987) (holding that a motion for summary judgment cannot be supported by unauthenticated documents).

**III.    Discussion**

The motion for summary judgment was untimely filed under the court's pre-trial scheduling order issued on October 1, 2024, which required that such a motion be noticed for a

3

hearing to take place by September 30, 2025. (ECF No. 27.) Setting aside this procedural deficiency, other grounds require denial of the motion. In this instance, the court prefers to address the merits of the motion.

Because this is an interpleader action brought under Rule 22 and 28 U.S.C. § 1335, the court must "apply the substantive law that a court of the forum state would apply." Equitable Life Assur. Soc. Of U.S. v. McKay, 837 F.2d 904, 905 (9th Cir. 1988). "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Cal. Civ. Code § 1646. As the parties have not indicated any other state's law should apply, the court will apply California law.

Kimberly Zatkulak seeks an order distributing interpleader funds as follows: Two-Fifths (2/5) to Defendant Jeanie Zatkulak for the benefit of her two children with Ryan Zatkulak; Three-Fifths (3/5) to Defendant Kimberly Zatkulak for the benefit of her three children with Ryan Zatkulak; None to Defendant Linda Zatkulak; and None to Thomas Zatkulak. (ECF No. 32 at 2.) She asserts the 2012 beneficiary designation confirms that Thomas Zatkulak is the sole lawful beneficiary and that Linda Zatkulak has no claim. (Id. at 4.) Attached to the motion, among other exhibits, are declarations by herself and defendants Thomas Zatkulak and Jeanie Zatukulak. (Id. 33-40.) Based upon agreement of these defendants including agreement of beneficiary Thomas Zatkulak, the motion argues, the funds may be distributed as requested.

Pursuant to the Alameda County judgment on reserved issues, however, Ryan Zatkulak became the sole owner of the policy prior to the time Thomas Zatkulak purportedly submitted a Designation of Beneficiaries By Owner.[1] (ECF No. 1, ¶ 11.) The record presently before the court

---

[1] The court cannot rely on the contents of the document attached to the motion for summary judgment as Exhibit B, which is purportedly a beneficiary designation form. (ECF No. 32 at 16.) The document is not properly authenticated and is also illegible. In addition, some of the statements in the provided declarations are inadmissible because they are not based on the declarant's personal knowledge, see Fed. R. Evid. 602, or are hearsay. For example, a statement purporting to show how Ryan Zatkulak intended the Policy proceeds to be divided is inadmissible hearsay because it is introduced for the truth of the matter asserted and does not fall within any hearsay exception. See Fed. R. Evid. 804, 807.

4

does not contain any policy documents setting forth the method for making a change of beneficiary. Given that the record indicates Thomas Zatkulak was not the owner of the Policy in 2012, the court has no basis to conclude he was unilaterally authorized to change the beneficiary at that time. See Pimentel v. Conselho Supremo De Uniao Portugueza Do Estado Da California, 6 Cal. 2d 182, 187 (1936) (where the contract of insurance provides a method for making a change of beneficiary, the insured must generally follow substantially the method prescribed).

When determining the beneficiary of a life insurance policy in California, the intent of the insured *as expressed by the language of the contract* should be given effect so far as possible. See Beck v. W. Coast Life Ins. Co., 38 Cal. 2d 643, 646-47 (1952) (emphasis added). The court is unable to determine that distributing the funds in the manner requested would best give effect to Ryan Zatkulak's intent as expressed by the language of the Policy. Accordingly, Kimberly Zatkulak fails to meet the burden of showing "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

**IV.　　Conclusion and Order**

For the foregoing reasons, IT IS ORDERED as follows:

1. Kimberly Zatkulak's motion for summary judgment (ECF No. 32) is DENIED.

2. A further scheduling order for this case will follow.

Dated:　January 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 zatk24cv1708.msj

5